IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD FISHER,

        Plaintiff,

vs.                                  No. CIV 01-414 WJ/LFG

CORRECTIONS CORPORATION
OF AMERICA, et al.,

        Defendants.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]**

This is a *pro se, in forma pauperis* civil rights action brought by Plaintiff Richard Fisher ("Fisher") under 42 U.S.C. § 1983. Fisher alleges in his complaint that Defendants Loretta Lopez ("Lopez"), Sarah Hawkins ("Hawkins"), and Corrections Corporation of America ("CCA") violated his civil rights by interfering with his mail while he was incarcerated at the Torrance County Detention Facility ("TCDF") in New Mexico.

Upon Defendants' Motions to Dismiss [Docs. 17 and 21], the Court dismissed all of Fisher's claims, except his claim that Defendants violated his First Amendment rights by seizing personal mail from his family. Claims regarding seizure or illegal opening of Fisher's legal mail were dismissed. *See*, Order Adopting Magistrate Judge's Analysis and Recommended Disposition [Doc. 36], filed February 27, 2002.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

As ordered by the Court, Defendants filed their Martinez Report under seal. They thereafter filed a Motion for Summary Judgment [Doc. 42] and served it on Fisher. Plaintiff's response and Defendants' reply have been filed, and the matter is now ripe for resolution. The Court does not find it necessary to refer to the sealed Martinez Report, which has not been served on Fisher, as there is sufficient material in the motion, response and reply to conclude that the Motion for Summary Judgment should be granted.

## Standards for Summary Judgment

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598 (1970); Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Biester v. Midwest Health Servs, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996). The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment. Fed. R. Civ. P. 56(e); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

"The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine.'" Lawnmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997). Summary judgment is appropriate only if there not sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. Anderson, 477 U.S. at 249, 106 S. Ct. at 2511. Thus, the court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52, 106 S. Ct. at 2512. The court in considering a motion for summary judgment construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999), *cert. denied,* 529 U.S. 1110, 120 S. Ct. 1964 (2000).

## Discussion

Fisher alleges that, during the months of November and December 2000, he did not receive "numerous letters" which he says were sent to him by three different family members. His only remaining cause of action is based on this allegation. He asserts that his First Amendment rights were violated by TCDF mail room employees Loretta Lopez and Sarah Hawkins who, he claims, seized or destroyed his incoming personal mail, and by CCA which, he claims, caused the alleged constitutional violations by its establishment of a policy, practice or custom regarding the handling of inmate mail at TCDF.

Inmates have a right to receive personal mail, although that right may be limited by prison regulations that are reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 421, 109 S. Ct. 1874, 1885 (1989); Turner v. Safley, 482 U.S. 78, 89, 92, 107 S. Ct. 2254, 2261-62, 2263 (1987). Correspondence between a prisoner and an outsider implicates the guarantee

3

of freedom of speech under the First Amendment, Treff v, Galetka, 74 F.3d 191, 194 (10th Cir. 1996), although the institution has a greater security interest in regulating incoming, as opposed to outgoing, mail. Id. In addition, allegations of sporadic, isolated, or short-term interference with an inmate's non-legal mail will not support a cause of action grounded on the First Amendment. Zimmerman v. Tribble, 226 F.3d 568, 572-73 (7th Cir. 2000); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999).

In attachments to their motion, Defendants provide sufficient evidence to establish that there is no genuine issue of material fact on Fisher's allegation that his personal mail was confiscated. Fisher has not met his burden, as the party opposing the motion, of coming forward with contrary evidence to create such an issue, and summary judgment in favor of Defendants is therefore warranted.

Defendants argue that there is no evidence that they tampered with or withheld from Fisher any of his personal mail, and that there is no evidence of a policy or custom that resulted in violation of his First Amendment rights. Fisher claims that he submitted grievances, which were never answered, in connection with his complaints of tampering with personal mail. However, Defendants submitted copies of all grievances filed by Fisher during his incarceration at TCDF, and in none of these does Fisher complain of interferences with personal mail from relatives. Fisher did file one grievance complaining that a letter containing bank statements was opened and part of the contents removed, but this complaint was resolved and, in any case did not involve mail from family members.

In his response, Fisher again asserts that:

> During the month of November and December 2000 plaintiff family member Kevin Davis, Jubert Fisher and Stacy Fisher sent plaintiff numerous letters, some containing family pictures. Plaintiff never

4

> received any of those correspondence mail. Plaintiff informed the
> Torrence County Detention Facility, (CCA), of the matter which
> submitted numerous administrative grievances. The Torrence County
> Detention Facility have fail to take appropriate action.

[Doc. 45, at 1-2]. Fisher does not supply any evidence to support this argument. He does attach copies of various grievances, but all of these were also supplied by Defendants, and in none of these grievances does he complain of failure to receive mail from family members. The lack of such a grievance form does not prove that Fisher's mail was not confiscated; however, Fisher was aware that, if he had a complaint he should submit a grievance, and he was quite active in submitting grievances regarding alleged mishandling of his legal and nonlegal mail in other contexts. He saved copies of these other grievances; there is no reason to think that Fisher wouldn't have saved copies of any grievance regarding confiscation of mail from his family members. Fisher claims that he did file grievances on this topic and that they were not resolved or even addressed by Defendants. However, he fails to supply any evidence that such grievances were submitted, nor that any such mail was ever received at the institution or confiscated by anyone therein. There simply is no evidence to raise an issue of fact on this assertion.

Fisher also claims in his response that the Chief of Security, John French, investigated numerous complaints by inmates regarding mail room tampering, that Defendant Loretta Lopez was terminated from her job assignment due to inmate complaints of mail tampering, and that French and Assistant Warden Chris Rhoads issued a memorandum on May 11, 2001 regarding outgoing inmate mail. There is nothing on the record to support these assertions. Fisher does refer to a memorandum from John French, and he attaches a copy of such a memorandum, dated May 11 and reading as follows: "Effective Monday, May 14, 2001 all out-going mail can be sealed prior to being picked up

by the Mail Clerk. However, all out-going mail is still subject to being searched." This memorandum does not raise an issue of fact as to Fisher's allegations of interference with his incoming personal mail.

In addition, Fisher has failed to present evidence that confiscation of his mail, even if such confiscation did occur, was sufficiently severe during the two-month period alleged in the complaint, to rise to the level of a constitutional violation under Zimmerman and Rowe cases noted above. Fisher alleges that "numerous" letters were seized and never delivered to him, but he does not supply any evidence that even one such letter was seized, or was ever sent in the first place.

Defendants point to Fisher's failure to file grievances on the topic of incoming family mail in arguing that he failed to exhaust his administrative remedies in violation of the Prison Litigation Reform Act. The Court does not find it necessary to reach this issue, as the total lack of any evidence that Defendants violated Fisher's First Amendment rights in the manner alleged in his complaint compels summary judgment in any event.

As Defendants correctly point out:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). Fisher has failed to meet this burden with respect to his claims against the individual Defendants.

The claim against CCA for supervisory liability based on policy and custom is likewise unsupported. Defendants have submitted evidence of TCDF policies regarding inmate mail, and

Fisher does not address the issue at all in his response. Defendants argue, and the Court agrees, that "there is no evidence whatsoever before this Court to support a claim for supervisory liability." [Doc. 46, at 7].

## **Recommended Disposition**

That Defendants' Motion for Summary Judgment [Doc. 42] be granted and the case dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge